# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CR-22-394-F |
| | ) |
| DONOVAN WALTERS, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Defendant Donovan Walters has filed a *pro se* motion seeking a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 of the United States Sentencing Guidelines. Doc. no. 64. The Probation Office has filed a Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821. Doc. no. 66. Plaintiff United States of America has filed a response to defendant's motion, opposing the requested relief. Doc. no. 68.[1] The matter is at issue.

---

[1] On the same day defendant filed his *pro se* motion, the Assistant Federal Public Defender, pursuant to the court's General Order 23-6, entered her appearance for the purpose of determining whether defendant may qualify to seek a reduction of sentence and relief under Amendment 821. After the Probation Office filed its report and the government filed its response, the Assistant Federal Public Defender filed a notice stating that defendant was not eligible for relief under Amendment 821 and that she did not intend to file a supplement to the *pro se* motion. *See*, doc. no. 69.

Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate. Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

Pursuant to a plea agreement, defendant pleaded guilty to Count 1 of a Superseding Information charging possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The Probation Office prepared a presentence investigation report, which calculated defendant's base offense level at 24. Defendant received a two-level enhancement under U.S.S.G.[2] § 2D1.1(b)(1) because two firearms were found inside an unlocked file box in the Airbnb he occupied, resulting in an adjusted offense level of 26. After applying a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, defendant's total offense level was 23.

Based on his criminal history, defendant was assessed a criminal history score of one, establishing a criminal history category of I. With a total offense level of 23 and a criminal history category of I, defendant's advisory guideline imprisonment range was 46 to 57 months.

At sentencing, the court adopted the presentence investigation report with one change. The court sustained the government's objection to paragraph 36 of the report, finding that U.S.S.G. § 2D1.1(b)(12) applied because defendant's primary use of the Airbnb on the day he extended his stay, was to receive the package of cocaine he was expecting to arrive in the mail at that location. Consequently, defendant's total offense level was increased to 25. With a total offense level of 25 and a criminal history score of I, defendant's applicable guideline range was 57 to 71 months. The court then varied downward and sentenced defendant to a term of imprisonment of 40 months. Judgment was entered on July 10, 2023; defendant did not file a direct appeal.

---

[2] United States Sentencing Guidelines.

In his motion, Defendant appears to request that his sentence be reduced based upon Amendment 821 (Part B, Subpart 1) to the United States Sentencing Guidelines, which became effective November 1, 2023, and has retroactive application, because he claims to have received zero criminal history points and satisfies all other required criteria.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  Congress has provided a few exceptions to this rule.  One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  In such a case the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission. *Id*.

The court follows a two-step process in considering defendant's § 3582(c)(2) motion.  *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013).  The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction.  If the reduction is authorized, the court may consider any applicable 18 U.S.C. § 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*. (quotation marks and citation omitted).

Upon review of the parties' submissions and the report of the Probation Office, the court finds that defendant is not eligible for a sentence reduction under Amendment 821 (Part B, Subpart 1).  Specifically, defendant is not a zero-point

offender, as he was assessed one criminal history point, based on his prior criminal history.[3]

Accordingly, defendant Donovan Walter's *pro se* "Motion for Modification of Term of Imprisonment" (doc. no. 64), filed April 17, 2024, is **DISMISSED**.

IT IS SO ORDERED this 13th day of May, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0394p017.docx

---

[3] Although defendant does not appear to request a sentence reduction under Part A of Amendment 821, the court also finds that Part A of Amendment 821 has no application to him because defendant was not assessed two additional criminal history points (status points) for committing an offense while under a criminal justice sentence.